UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CLARK DECAMP,<br><br>            Plaintiff,<br><br>vs.<br><br>PROGRESSIVE PREFERRED INSURANCE COMPANY,<br><br>            Defendant. | CIV. #20- 4138<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

COMES NOW the Plaintiff, Clark DeCamp, and for his Complaint against the above-named Defendant, states and alleges as follows:

## NATURE OF THE ACTION

This is a breach of contract action brought by Plaintiff Clark DeCamp ("Plaintiff") against Defendant Progressive Preferred Insurance Company ("Defendant"). Plaintiff was injured in an automobile collision that occurred on July 4, 2019 in the State of South Dakota. He seeks to be made whole pursuant to the benefits available to him as an insured under the policy with Defendant.

## PARTIES

1.

Plaintiff Clark DeCamp (hereinafter "Plaintiff") is a resident of the State of Minnesota.

2.

Upon information and belief, Defendant Progressive Preferred Insurance Company (hereinafter "Defendant") is an insurance company duly organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio, which at all relevant

1

times was duly authorized to issue insurance policies in the States of Minnesota and South Dakota. At all times relevant to this action, Defendant provided automobile insurance coverage to Plaintiff. Defendant issued an insurance policy to its insured, Clark DeCamp, with Policy No. 46777297, which provided him underinsured motorist benefits.

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.00.

4.

A substantial part of the events giving rise to this action occurred in South Dakota, and thus venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

5.

On or about July 4, 2019, Plaintiff was traveling southbound in his vehicle on US Highway 85 in the State of South Dakota.

6.

At the same time, the underinsured motorist was also traveling southbound on US Highway 85 in the State of South Dakota and was traveling behind Plaintiff's vehicle. The underinsured motorist failed to slow down and collided into the rear of the trailer attached to Plaintiff's vehicle.

7.

The underinsured motorist received citations for careless driving, open container in vehicle, underage consumption of alcohol, and driving under the influence as a result of the collision.

8.

As a direct and proximate result of the collision, Plaintiff sustained injuries and damages, including, but not limited to, personal injuries which required medical treatment. Additionally, he has experienced pain and suffering, permanent impairment and disability, loss of enjoyment of the capacity of life, loss of past and future earned wages, past and future medical costs and expenses, and other general and special damages.

9.

The collision and the resulting injuries to Plaintiff were proximately caused by the negligence of the underinsured motorist in several respects including, but not limited to:

(a) Driving carelessly;

(b) Driving under the influence of alcohol and/or drugs;

(c) Exceeding the posted speed limit;

(d) Failing to keep his vehicle under control;

(e) Failing to keep a proper lookout for other vehicles; and

(f) Otherwise generally failing to operate the vehicle in a safe and prudent manner.

10.

At the time of the collision on July 4, 2019, Plaintiff was insured under a policy of automobile insurance issued by Defendant. As part of said policy issued by Defendant, Plaintiff paid a separate premium to purchase underinsured motorist coverage in the amount of $100,000 per accident.

11.

Plaintiff requested permission from Defendant's claim representative to accept the liability settlement of $100,000.00 from the liability carrier for the underinsured motorist. Plaintiff advised Defendant's representative of his intent to pursue a claim for his underinsured motorist benefits against Defendant.

12.

Defendant's representative responded on behalf of Defendant and gave Plaintiff permission to accept the liability limits of $100,000.00 from the liability carrier for the underinsured motorist.

13.

Since then, Plaintiff has made a demand on Defendant for the underinsured motorist benefits available to him. The Defendant made no offer to Plaintiff to resolve his underinsured motorist claim and informed Plaintiff that Defendant believes Plaintiff was fully compensated by the liability settlement.

14.

The motor vehicle collision arising out of this action occurred in the State of South Dakota.

15.

Upon information and belief, the Defendant has not interviewed any of the Plaintiff's medical providers regarding his injuries or medical conditions.

16.

The Defendant has not sought interviews with the Plaintiff regarding his injuries or medical conditions.

## COUNT I
### *Declaratory Relief*

17.

Plaintiff hereby realleges paragraphs 1 through 16 and incorporates them as if fully set forth herein.

18.

A justifiable controversy exists between and among the parties who are entitled to relief under SDCL Chapter 21-24, and this Court is authorized to determine the rights, responsibilities and liabilities of each of the parties for the controversy now existing regarding past, present, and future coverage.

19.

Specifically, this Court is authorized to determine whether Defendant is to provide and specifically the amount owed of underinsured motorist benefits to Plaintiff arising out of the July 4, 2019 motor vehicle collision.

20.

Plaintiff is entitled to benefits under the underinsured motorist portion of the Defendant's automobile policy previously referred to in an amount as the jury deems just and proper for all damages sustained in the July 4, 2019 collision and accordingly seeks a declaration: (1) that Defendant is to provide underinsured coverage for all claims and liabilities to Plaintiff arising out of the motor vehicle collision that occurred on or about July 4, 2019 under the policy it sold to the Plaintiff; (2) that the full limits of underinsured motorist coverage in the policy that the Defendant sold to the Plaintiff is available to compensate him for his injuries; and (3) the amount owed of underinsured motorist benefits to Plaintiff arising out of the July 4, 2019 motor vehicle collision.

## COUNT II
*Breach of Contract*

21.

Plaintiff hereby realleges paragraphs 1 through 20 of this Complaint and incorporates them as if fully set forth herein.

22.

By virtue of its Policy of insurance in effect on July 4, 2019, and the Plaintiff's status as an insured under the Policy, the Defendant is contractually obligated to pay the Plaintiff's insurance benefits as a result of the automobile collision caused by the tortfeasor that occurred on July 4, 2019.

23.

The Defendant breached its duty to pay the Plaintiff's insurance benefits pursuant to the Policy.

24.

Because of the Defendant's breach of its duties under the Policy, Plaintiff has suffered damages including, but not limited to, the benefits Plaintiff is owed under the terms of the Policy.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For the Court to find and declare: (a) that Defendant is to provide underinsured coverage for all claims and liabilities to Plaintiff arising out of the motor vehicle collision that occurred on or about July 4, 2019 under the policy it sold to the Plaintiff; (b) that the full limits of underinsured motorist coverage in the policy that the Defendant sold to the Plaintiff are available to compensate him for his injuries; and (c) the amount owed of underinsured motorist benefits to Plaintiff arising out of the July 4, 2019 motor vehicle collision;

2. For Plaintiff's underinsured motorist benefits due and owing under the policy, including, but not limited to, special damages, general damages, and pain and suffering;

3. For prejudgment and post-judgment interest;

4. For Plaintiff's costs, disbursements, and attorney fees pursuant to applicable statute; and

5. For any other and further relief the Courts deems just and proper under the circumstances.

Dated this 24th day of September, 2020.

                                      **JOHNSON, JANKLOW, ABDALLAH & REITER, LLP**

                                      **BY** _____
                                        A. Russell Janklow (russ@janklowabdallah.com)
                                        Kimberly J. Lanham (kim@janklowabdallah.com)
                                        Post Office Box 2348
                                        Sioux Falls, SD 57101
                                        Phone: 605-338-4304
                                        Fax: 605-338-4162

                                        *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

                                        _____
                                        A. Russell Janklow
                                        Kimberly J. Lanham

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Clark DeCamp
29659 610th Avenue, Chokio, MN 56221

**(b)** County of Residence of First Listed Plaintiff: Stevens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Johnson, Janklow, Abdallah & Reiter, LLP
P.O. Box 2348, Sioux Falls, SD 57101
(605) 338-4304

## DEFENDANTS
Progressive Preferred Insurance Company
P.O. Box 89490, Cleveland, OH 44101-6490

County of Residence of First Listed Defendant: Cuyahoga
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Exceeds $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 9/24/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____